IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE SANCHEZ HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-531 |
| | § | Criminal Action No. H-03-410 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before the Court is Petitioner Jose Sanchez Hernandez's Motion to Vacate, Set Aside, or Correct Sentence (Civil Document #1, Criminal Document #29) and the Motion to Dismiss (Criminal Document #31) filed by the United States of America. Having considered the motions, submissions and applicable law, the Court determines Jose Sanchez Hernandez's motion to vacate, set aside, or correct his sentence should be denied and the Government's motion to dismiss should be granted.

## BACKGROUND

Jose Sanchez Hernandez ("Hernandez") was arrested in Angleton, Texas on September 21, 2003. On October 22, 2003, Hernandez was indicted by a federal grand jury for illegal re-entry subsequent to a prior deportation after being convicted of an aggravated felony in violation of 8 U.S.C. § 1326 (2000). On January 23, 2004, in

front of this Court and with counsel, Hernandez pleaded guilty to the indictment without a written plea agreement.  On April 12, 2005, the Court sentenced Hernandez to forty-six months based on a total offense level of twenty-one and a criminal history level of III.[1]  Judgment was entered on April 22, 2004.

Hernandez did not directly challenge his conviction.  Instead, on February 17, 2005, Hernandez filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In his motion, Hernandez claims the sentence imposed by this Court was unconstitutional in light of the recent Supreme Court decision in *Booker v. United States*, 125 S. Ct. 738 (2005).  He argues the Court violated his Sixth Amendment rights under *Booker* by enhancing his sentence based on facts that were not admitted by him or found by a jury.  Further, he argues *Booker* announced a new rule of constitutional law that applies retroactively to cases on collateral review.  As such, he filed a petition for habeas corpus under § 2255 seeking to vacate his sentence.

On February 21, 2005, the Court ordered the United States to file a response to Hernandez's motion.  The United States filed an answer to Hernandez's motion as well as a motion to dismiss on May 10, 2005.  The United States argues *Booker* is not retroactive on initial collateral review and, therefore, not applicable to Hernandez's

---

[1]Hernandez's term of imprisonment was within the prescribed United States Sentencing Guideline range of forty-six to fifty-seven months.  A special assessment fee of $100 was also imposed, but was later remitted.

case.  Further, the United States asserts even if *Booker* were retroactive, it would not apply to Hernandez's case because of the "prior conviction" exception delineated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and reaffirmed by *Booker*.

## STANDARD OF REVIEW

To be granted relief under § 2255 a petitioner must establish one of four factors: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."  *United States v. Seyfert*, 67 F.3d 544 (5th Cir. 1995); *see also* 28 U.S.C. § 2255 (2000).  Once a petitioner's chance to appeal has been waived or exhausted, the court is entitled to presume that the petitioner stands fairly and finally convicted.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  As such, in order for a petitioner to be granted relief under collateral review, he "must clear a significantly higher hurdle than would exist on direct appeal."  *Id.* at 166.

## LAW & ANALYSIS

A.    *Booker's Retroactivity to Cases on Collateral Review*

In *Booker*, the Supreme Court held that, pursuant to the Sixth Amendment, any fact, other than a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict

3

must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. To ensure that the United States Sentencing Guidelines fell within the rule defined above, the Supreme Court removed certain statutory provisions from those guidelines, thereby eliminating their mandatory nature. *Id.* at 756-57. While the court must still consult the sentencing guidelines during the sentencing process, it is no longer mandated to follow those guidelines and may tailor the sentence based on other statutory concerns. *Id.* at 757.

While neither the Fifth Circuit nor the Supreme Court has directly addressed the retroactivity of *Booker* to initial collateral attacks, the Supreme Court's ruling in *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519 (2004), is considered dispositive on the issue. *Varela v. United States*, 400 F.3d 864, 867 (11th Cir. 2005); *see also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (noting that the Supreme Court has not made Booker retroactive to any cases on collateral review). In *Schriro*, the Supreme Court held that the new procedural rule announced in *Ring v. Arizona*, 536 U.S. 584 (2002), which, like *Booker,* is based on the principles laid out in *Apprendi v. New Jersey*, did not apply retroactively to cases on collateral review. *Schriro*, 124 S. Ct. at 2526. The rule announced in *Ring* extended the *Apprendi* reasoning, that a jury must find each element of the crime, to facts that increased a defendant's sentence from life in prison to death. *Ring*, 536 U.S. at 609. In *Schriro*, the Supreme Court refused to

4

extend the rule formulated in *Ring* retroactively to cases on collateral review.  124 S.
Ct. at 2526.

Following the Supreme Court's *Schriro* decision, the Fifth Circuit refused to
apply *Booker* retroactively on "collateral review for purposes of a successive § 2255
motion."  *In re Elwood*, 408 F.3d at 213.   Furthermore, the circuit courts that have
directly addressed this issue agree that *Booker* is not retroactively applicable to cases
on initial collateral review.  *United States v. Bellamy*, No. 04-5145, 2005 WL 1406176,
at *4 (10th Cir. June 16, 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005);
*Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Humphress v. United
States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d
479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *In re Anderson*, 396 F.3d
1336, 1340 (11th Cir. 2005).  Therefore, the Court determines Hernandez's argument
fails because *Booker* does not apply retroactively to cases on collateral review.

B.    *Booker and The Case at Bar*

Assuming, *arguendo*, that *Booker* is retroactive to cases on collateral review,
Hernandez's petition would still fail on the merits.  Hernandez claims his sentence was
improperly increased because the sentencing guidelines accounted for his prior
aggravated felony conviction.  Thus, Hernandez argues, because his prior conviction
was accounted for in the sentencing guidelines and the Court's decision was mandated

5

by those guidelines, his subsequent sentence was a violation of his Sixth Amendment rights as found in *Booker*.  However, this is only a partial interpretation of the *Booker* decision.

In *Booker*, the Supreme Court reaffirmed the principle of *Apprendi* and applied that principle in the context of the United States Sentencing Guidelines.  *Booker*, 125 S. Ct. 738.   The *Apprendi* principle states, "*other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.*" 530 U.S. at 489 (emphasis added).  The single exception to the *Apprendi* principle is the use of a prior conviction in determining sentencing.  *Id.*  Use of a prior conviction, to extend a defendant's sentence above the statutory guidelines, is a valid application of the *Apprendi* principle reaffirmed in *Booker*.  125 S. Ct. at 756.

Furthermore, at Hernandez's sentencing, the Court stayed within the prescribed statutory maximum.  The Court did not upwardly depart from the statutory ceiling authorized under 8 U.S.C. § 1326.  Because Hernandez had been convicted of a prior aggravated felony, the Court was authorized to sentence Hernandez up to twenty years under § 1326(b)(2).   The final sentence issued by this Court was well below the statutory maximum.  Thus, *Apprendi* is inapplicable to this case.

C.    *Ineffective Assistance of Counsel*

In addition to his *Booker* claim, Hernandez raises a general claim of ineffective assistance of counsel. As Hernandez filed his motion *pro se*, the Court liberally construes his motion and holds it to a less stringent standard then it would formal pleadings submitted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Although it is unclear from his motion the exact basis of his claim of ineffective assistance of counsel, the Court assumes Hernandez complains that counsel failed to raise an *Apprendi* or *Booker*-type objection at sentencing.

To prevail on a claim of ineffective counsel, the petitioner must allege and prove that counsel erred and that those errors deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective counsel, the petitioner must pass the two-pronged *Strickland* test. *Id.* He must show counsel's performance was deficient and that deficient performance prejudiced the defense. *Id.* To prove counsel's deficiency, the petitioner must demonstrate his representation fell below an "objective standard of reasonableness." *Id.* at 688. To prove the defendant was prejudiced by counsel's performance, petitioner must show that "but for the deficiency in representation, there is reasonable probability that the result of the proceeding would have been different." *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005). Further, "counsel is not required to anticipate subsequent developments in

7

the law." *Lucas v. Johnson*, 132 F.3d 1069, 1078-79 (5th Cir. 1998).   The

determination of whether counsel's performance "was deficient is based upon the law

as it existed at the time of trial." *Id.* at 1078.

Hernandez's claim of ineffective assistance of counsel fails on two points.   First,

as discussed above, the Court did not extend Hernandez's sentence beyond the

statutory maximum of twenty years.   Therefore, raising an *Apprendi* objection would

have been unwarranted.   Second, at the time of Hernandez's sentencing, the Fifth

Circuit had ruled that *Apprendi* challenges did not apply "to enhancements based upon

the sentencing guidelines." *United States v. Clinton*, 256 F.3d 311, 314 (5th Cir.

2001).   Therefore, Hernandez's counsel's objection to the use of his prior conviction

would have been unproductive and unreasonable given the current state of the case law

at the time.   Hernandez fails to show either that his counsel's performance was

unreasonable or that the outcome was prejudice by any deficiency on counsel's part.

Thus, Hernandez's claim of ineffective assistance of counsel should be rejected.   Given

the foregoing, the Court hereby

ORDERS that Jose Sanchez Hernandez's Motion To Vacate, Set Aside or

Correct Sentence (Civil Document #1, Criminal Document #29) is DENIED.   The

Court further

ORDERS that the Government's Motion To Dismiss (Criminal Document #31)

is GRANTED.

SIGNED at Houston, Texas, on this 20th day of July, 2005.

_____

DAVID HITTNER

United States District Judge

9